UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

| | |
|---|---|
| CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS,<br><br>        Plaintiff,<br><br>v.<br><br>NE COLORADO CELLULAR, INC. d/b/a VIAERO WIRELESS,<br><br>        Defendant. | Civil Action No. 8:09-cv-404<br><br><br>**COMPLAINT AND JURY DEMAND** |

## INTRODUCTION

Plaintiff, Cellco Partnership d/b/a Verizon Wireless ("Verizon Wireless"), by and through its undersigned counsel, for its Complaint against Defendant NE Colorado Cellular, Inc. d/b/a Viaero Wireless ("Viaero") states and alleges as follows:

## PARTIES, JURISDICTION & VENUE

1.  Cellco Partnership d/b/a Verizon Wireless is a general partnership organized under the laws of the State of Delaware with its principal place of business in Basking Ridge, New Jersey. Verizon Wireless is the nation's leading provider of wireless communications in terms of number of subscribers, network coverage, revenues, and operating income. Verizon provides wireless voice and data service and related equipment to consumers and business customers throughout the United States and in this District.

2.  NE Colorado Cellular, Inc. d/b/a Viaero Wireless is a corporation organized under the laws of the State of Colorado with its principal place of business in Fort Morgan, Colorado. Viaero conducts business throughout the nation and in this District.

2

3. This Court has jurisdiction over the subject matter of this Complaint pursuant to 28 U.S.C. §§ 1331 and 1367, and 15 U.S.C. § 1121, as this action for injunctive relief and damages arises from misleading comparative advertising in violation of the Lanham Act § 43(a), 15 U.S.C. § 1125(a), and related Nebraska laws.

4. Venue is proper in this Court under 28 U.S.C. § 1391, as a substantial part of the events or omissions giving rise to the claim occurred in this District.

## BACKGROUND FACTS

5. Verizon Wireless and Viaero are wireless carriers that provide wireless telecommunications services in the United States. With approximately 250 million domestic wireless subscribers and over $130 billion in annual revenues in the United States alone, the wireless telecommunications service industry is highly competitive. In the Fourth Quarter of 2008 alone, Verizon Wireless added 1.4 million new subscribers. Thus, on average, Verizon Wireless adds over 15,000 new customers daily, many to multiyear contracts. Wireless carriers that offer superior calling plans, in terms of cost, minutes included and network coverage, are more likely to retain existing customers, as well as to attract new ones.

6. On January 9, 2009, Verizon Wireless acquired Alltel, another wireless carrier, thus providing Verizon Wireless customers access to the Alltel network and Alltel customers access to the Verizon Wireless network.

7. On October 30, 2009, Viaero ran the print advertisement copied below, in the Columbus Telegraph newspaper:

2



8. This Viaero advertising campaign is based upon inaccurate and unsubstantiated representations that former Alltel customers will not enjoy the same or similar pricing plans with Verizon Wireless as they did with Alltel, and depicts and relates a false, inaccurate, and misleading comparison of the price plans offered by Alltel / Verizon Wireless, as compared with Viaero.

9. Contrary to Viaero's advertisements, the legacy Alltel price plans remain intact for customers that wish to keep them.

10. Viaero's misleading charts and purported comparisons fail to integrate the unlimited nights and weekends and unlimited mobile-to-mobile minutes which are the hallmark of the great value of Verizon Wireless plans.

11. The advertisements infer that Alltel's roaming and long distance charges continue to be assessed by Verizon Wireless, which is not true.

3

12. On October 22, 2009, a week before the advertisement depicted in ¶8 was published, Verizon Wireless transmitted a letter to Viaero's Chief Operating Officer and General Counsel, demanding that Viaero cease and desist from making similar false, disparaging, and tortious statements. Viaero refused to do so, as evidenced by the placing and publishing of the Columbus Telegraph advertisement a week later.

13. On November 6, 2009, Verizon Wireless again transmitted a letter to Viareo's corporate counsel, repeating its demand that Viaero cease and desist from continuing its false and misleading advertising campaign. Viaero did not respond by the deadline demanded, and has thus refused to cease its tortious activity.

## COUNT I
## VIOLATION OF THE LANHAM ACT
### (False Advertising)

14. Verizon Wireless repeats and realleges the prior allegations of the Complaint as if set forth herein.

15. Viaero, a wireless telecommunications company in active commercial competition with Verizon Wireless, published advertisements that (a) falsely state and depict Verizon Wireless' calling plans and corresponding charges; (b) falsely state that migrating Alltel customers would be forced to change their existing plans; and (c) falsely infer that Alltel's roaming and long distance charges continue to be assessed by Verizon Wireless.

16. Upon information and belief, Viaero has made each of its false statements with knowledge of their falsity, or willfully and with reckless disregard for their falsity.

17. Upon information and belief, Viaero's statements have actually deceived a substantial segment of their intended audience.

18. Viaero's deception is material as it relates to factors that a consumer would consider in choosing a wireless service.

4

19. Viaero caused its false advertising to enter interstate commerce, including through print advertisements in regional media publications. Viaero's activities have had a substantial economic effect on interstate commerce, because, *inter alia*, Viaero's wireless services are offered in multiple states and nationally.

20. Verizon Wireless is likely to be injured by Viaero's false advertising by a diversion of business from Verizon Wireless to Viaero, as consumers of wireless telecommunications services are misled into believing that Verizon Wireless will raise its prices as a result of its merger with Alltel.

21. Viaero's false statements violate the Lanham Act, 15 U.S.C. § 1125(a)(1)(B).

22. Viaero's misleading claims have caused injury to Verizon Wireless and unless enjoined will injure Verizon Wireless' goodwill and erode its market share. These misleading advertisements also damage honest competition. Verizon Wireless is irreparably harmed, has no adequate remedy at law, and is entitled to injunctive relief.

23. Viaero's intentional and willful violations entitle Verizon Wireless to recover three times its actual damages in an amount to be determined at trial pursuant to 15 U.S.C. §1117(a).

24. Viaero's intentional and willful violations entitle Verizon Wireless to recover its reasonable attorneys' fees in an amount to be determined at trial pursuant to 15 U.S.C. § 1117(a).

**COUNT II**
**VIOLATION OF THE NEBRASKA DECEPTIVE TRADE PRACTICES ACT**
**(FALSE ADVERTISING)**

25. Verizon Wireless repeats and realleges the prior allegations of the Complaint as if set forth herein.

5

26. Viaero, a wireless telecommunications company in active commercial competition with Verizon Wireless, published advertisements that (a) falsely stated and depicted Verizon Wireless' calling plans and corresponding charges; (b) falsely stated that migrating Alltel customers would be forced to change their existing plans; and (c) falsely infers that Alltel's roaming and long distance charges continue to be assessed by Verizon Wireless.

27. Upon information and belief, Viaero has made each of its false statements with knowledge of their falsity, or willfully and with reckless disregard for their falsity.

28. Upon information and belief, Viaero's statements have actually deceived a substantial segment of their intended audience.

29. Viaero's deception is material as it relates to factors that a consumer would consider in choosing a wireless service.

30. Verizon Wireless is likely to be injured by Viaero's false advertising by a diversion of business from Verizon Wireless to Viaero, as consumers of wireless telecommunications services are misled into believing that Verizon Wireless will raise its prices as a result of its merger with Alltel.

31. Viaero's false statements violate the Nebraska Deceptive Trade Practices Act, Neb. Rev. Stat. § 87-302(a)(8).

32. Verizon Wireless is irreparably harmed, has no adequate remedy at law, and is entitled to injunctive relief pursuant to Neb. Rev. Stat. § 87-303(a).

33. Viaero's intentional and willful violations entitle Verizon Wireless to recover its reasonable attorneys' fees and costs pursuant to Neb. Rev. Stat. § 87-303(b).

DB04/805324.0014/2072133.2 PF06

**REQUEST FOR RELIEF**

WHEREFORE, Verizon Wireless respectfully requests that this Court enter its Order:

A. Preliminarily and permanently enjoining Viaero and its affiliates, agents, servants, employees, directors, officers and representatives, and all persons or entities acting in concert or participation with Viaero, from:

1. Claiming in any advertising that higher prices will result or have resulted from Verizon Wireless' acquisition of Alltel by falsely comparing and depicting Verizon Wireless' calling plans and corresponding charges;

2. Claiming in any advertising that migrating Alltel customers would be forced to change their existing plans;

3. Claiming that Alltel's roaming and long distance charges continue to be assessed by Verizon Wireless.

4. Displaying or causing to be displayed those specific print and internet advertisements described and copied in ¶7 of the Complaint in this action.

B. Directing Viaero to forthwith use its best efforts to identify and to recall from any third party any and all false marketing, advertising, and promotional materials used in connection therewith;

C. Directing Viaero to issue a corrective advertisement or notice to all third parties that Viaero has solicited with false advertisements, making clear that Viaero's false statements were false;

D. Directing Viaero to file with the Court and serve on Verizon Wireless' counsel, within 30 days after entry of the Court's injunction, a sworn statement as provided in 15 U.S.C. §1116, setting forth in detail the manner and form in which Viaero has complied with the injunction;

7

E. Directing Viaero to provide an accounting of all sales and profits from its false advertisements;

F. Awarding Verizon Wireless a monetary judgment against Viaero in the amount of Viaero's profits, pursuant to 15 U.S.C. § 1117;

G. Awarding Verizon Wireless a monetary judgment against Viaero for damages caused by its false advertising in an amount to be determined at trial;

H. Awarding Verizon Wireless treble damages as a judgment against Viaero for its willful violation of the Lanham Act;

I. Awarding Verizon Wireless its costs and reasonable attorneys' fees from Viaero pursuant to the Lanham Act and the Nebraska Deceptive Trade Practices Act; and

J. Awarding such other relief as this Court deems to be just and proper.

## DEMAND FOR TRIAL BY JURY AND PLACE OF TRIAL

Verizon Wireless respectfully requests a trial by jury on all matters so triable in the United States District Court for the District of Nebraska in Omaha.

Dated this 9th day of November, 2009.

Respectfully submitted,

CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS, Plaintiff,

By: s/ *Nora M. Kane*
Nora M. Kane, #21562
STINSON MORRISON HECKER LLP
1299 Farnam Street, 15th Floor
Omaha, Nebraska  68102-1818
Phone:  (402) 342-1700
Fax:     (402) 930-1701
nkane@stinson.com

ATTORNEYS FOR PLAINTIFF

DB04/805324.0014/2072133.2 PF06